**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 21-350 (ADC) |
| v. | |
| REINALDO FELICIANO-TROCHE [4], | |
| Defendant. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(b) GUILTY PLEA HEARING**

I.    **Procedural Background**

On September 23, 2021, defendant Reinaldo Feliciano-Troche was charged in Counts One, Two, and Three of a fourteen-count indictment. He agrees to plead guilty to those counts.

Count One charges that from in or about May 2019, through the return of the indictment, in the District of Puerto Rico, elsewhere and within the jurisdiction of this court, Mr. Feliciano and others did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, in that they knowingly and intentionally possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii) and 846.

Count Two charges that on or about August 6, 2020, in the District of Puerto Rico, elsewhere and within the jurisdiction of this court, Mr. Feliciano and others, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture or substance containing a

USA v. Reinaldo Feliciano-Troche [4]
Cr. No. 21-350 (ADC)
Report and Recommendation on Guilty Plea

detectable amount of cocaine, a Schedule II Narcotic Controlled Substance, all in violation of Title

21, <u>United States Code</u>, Sections 841(a)(1) and (b)(1)(A)(ii) and Title 18, <u>United States Code</u>,

Section 2.

Count Three charges that from in or about May 2019, through the return of the indictment,

from places outside of the United States, including the Dominican Republic, Colombia, and

elsewhere, Mr. Feliciano and others did knowingly and intentionally combine, conspire,

confederate, and agree with each other and other persons known and unknown to the Grand Jury

to import into the United States five kilograms or more of a mixture or substance containing a

detectable amount of cocaine, a Schedule II Controlled Substance, all in violation of Title 21,

<u>United States Code</u>, Sections 952(a), 960(b)(1)(B), and 963.

Defendant appeared before me, assisted by the court interpreter, on June 7, 2023, since the

Rule 11 hearing was referred by the court.   <u>See</u> <u>United States v. Woodard</u>, 387 F.3d 1329 (11th

Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of

defendant).   He was advised of the purpose of the hearing and placed under oath with instructions

that his answers must be truthful lest he would subject himself to possible charges of perjury or

making a false statement.

## II.    <u>Consent to Proceed Before a Magistrate Judge</u>

Defendant was advised of his right to hold all proceedings, including the change of plea

hearing, before a district court judge.   He received an explanation of the differences between the

scope of jurisdiction and functions of a district judge and a magistrate judge.   He was informed

that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the

hearing and prepare a report and recommendation, subject to review and approval of the district

**USA v. Reinaldo Feliciano-Troche [4]**
**Cr. No. 21-350 (ADC)**
**Report and Recommendation on Guilty Plea**

judge.    The defendant then voluntarily consented to proceed before a magistrate judge.

### III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.    Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).    "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).    There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

#### A.    Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received.    The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea.    After considering the defendant's responses, and observing his demeanor, a finding was made that the defendant was

USA v. Reinaldo Feliciano-Troche [4]
Cr. No. 21-350 (ADC)
**Report and Recommendation on Guilty Plea**
competent to plead and fully aware of the purpose of the hearing.

### B.      Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offenses to which he was pleading guilty, namely: as to each of Counts One, Two, and Three, a term of imprisonment of not less than ten years and up to life, a fine of not more than $10,000,000.00, or both, and a term of supervised release of at least five years.   The defendant also understood that a Special Monetary Assessment of $100.00 per count would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

The court explained the nature of supervised release and the consequences of revocation. The court may also impose a forfeiture order. The defendant indicated that he understood the maximum penalties and the potential consequences of the guilty plea.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served.   Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm.   The defendant confirmed that he understood these consequences of his guilty plea.

### C.      Sentencing Procedures

The defendant was specifically informed that the district court, after considering the

USA v. Reinaldo Feliciano-Troche [4]
Cr. No. 21-350 (ADC)
Report and Recommendation on Guilty Plea

applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate.   The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).   The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes.

### D.`   Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.   He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

USA v. Reinaldo Feliciano-Troche [4]
Cr. No. 21-350 (ADC)
Report and Recommendation on Guilty Plea

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

### E.      Factual Basis for the Guilty Plea

Defendant was read in open court Counts One, Two, and Three of the indictment and provided an explanation of the elements of the offenses. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in each count and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and admitted to the government's submission as to the facts which could have been presented at trial.

### F.      Voluntariness

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea.   He acknowledged that no one had made any promises in exchange for his guilty plea.   Throughout the hearing the defendant was able to consult with his attorney.

## IV.   Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One, Two, and Three of the indictment.

After cautioning and examining the defendant under oath and in open court concerning

USA v. Reinaldo Feliciano-Troche [4]
Cr. No. 21-350 (ADC)
**Report and Recommendation on Guilty Plea**

each of the subject matters mentioned in Rule 11, I find that the defendant, Reinaldo Feliciano-Troche, is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that each carries, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of each offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One, Two, and Three of the indictment.

This report and recommendation is filed pursuant to Title 28, United States Code, Section 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing is set for August 16, 2023, at 3:00 p.m. before Judge Aida M. Delgado-Colon.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 28th day of June, 2023.

*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge